Supreme Court, Washington Special Term, December, 1896. Unreported.

In the Matter of the Application of JOSEPH C. RUSSELL to revoke the Liquor Tax Certificate of MICHAEL NOONAN.

STOVER, J. This is an application under section 28 of the Liquor Tax Law, for the revocation of a certificate. The only issue raised by the proof is as to the allegation that the consent

of two-thirds of the owners of buildings, occupied exclusively as dwellings, was not obtained by the defendant at the time of making his application. It appears that there were two buildings within 200 feet of the property; Mrs. Frasier's, whose consent was obtained, and the petitioner's. The petitioner is a practicing physician, and has an office in the building occupied by him as a residence. He receives his patients there and is engaged in the general practice of medicine.

The simple question is whether this is a building occupied exclusively as a residence. While it may be said that the object of the restriction was to maintain the privacy of the home, and to prevent rendering residential localities objectionable, by the placing of saloons near them, yet it was within the power of the Legislature to limit the operation of the rule, and it has seen fit to do so, by providing that the building should be exclusively used for residential purposes. The office contains the medical books, some medicines, bottles, and the usual paraphernalia of a physician's office. The petitioner has a sign upon the building and testifies that he is in active practice.

No test has been laid down as to what shall be considered a residence within the meaning of the statute under consideration, but I am inclined to think upon the principle, that where a portion of a building is used for the purposes of a general business, or the general practice of a profession, to which the public is invited, it can not be said to be used exclusively for residential purposes. As for the purpose of this case, the using of a portion of a building as an office, for the general practice of a profession, would be quite as much an interference with the use of the building for residential purposes, as a setting apart of the same space for the carrying on of any mercantile or other business. The public is invited to the room, not for the purpose of mere social intercourse, but for the purpose of availing itself of the professional advice and treatment of the petitioner; and I take it that to this extent the portion of a building occupied by an office is subordinated to its use for residential purposes. While it may be said that the evil to the family of the petitioner is just as great as though the building were occupied exclusively as a residence, yet with this the court can have nothing to do. The Legislature has seen fit to impose the restriction and to confine the operation of the statute to the buildings that are used exclusively for residential purposes. The remedy, if any, lies with the legis-

lative power, and the court has no discretion to exercise in the premises.

I think the petitioner has failed to sustain the allegations of his petition and the application to revoke or cancel must be denied.